UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTHONY P. WHITE, | CASE NO. 5:12 CV 2147 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | |
| JUDGE JAMES S. GWIN, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On August 21, 2012, plaintiff *pro se* Anthony P. White filed this *in forma pauperis* action against Judge James S. Gwin, Stark County Assistant Prosecutor Deborah A. Dawson, Attorney Micmael Puterbaugh, and Ohio Court of Appeals Deputy Clerk Cathy Frustaci. While the complaint is certainly unclear, plaintiff appears to be challenging the validity of his 1993 criminal convictions, pursuant to a guilty plea, in the Stark County Court of Common Pleas. He asserts, *inter alia*, that his counsel was ineffective, and that the convictions were the product of a "miscarriage of justice."

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or

fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009).

As a threshold matter, defendants Judge Gwin and Assistant Prosecutor Dawson are absolutely immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 387 U.S. 547 (1967) (judges); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors). There is no reasonable suggestion in the complaint that these defendants acted outside the scope of their official duties. Further, plaintiff may not raise civil rights claims if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Finally, to the extent plaintiff seeks to file a criminal action against defendants, such an action must be initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

                                      */s/Dan Aaron Polster 9/21/12*
                                      DAN AARON POLSTER
                                      UNITED STATES DISTRICT JUDGE